UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DRILL CUTTINGS DISPOSAL COMPANY L.L.C. | CIVIL ACTION NO. 6:12-cv-00051 |
| VERSUS | JUDGE DOHERTY |
| CHESAPEAKE OPERATING, INC. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before the Court is the plaintiff's motion to remand (Rec. Doc. 4). The motion is not opposed. (Rec. Doc. 11). For the following reasons, the motion will be granted, and this action will be remanded to the state court where it commenced.

### FACTUAL BACKGROUND

According to the plaintiff's petition, the plaintiff and defendant entered into a contract by which the plaintiff, Drill Cuttings Disposal Company, L.L.C., agreed to provide certain services, equipment, and supplies generally involving the processing of drill cuttings to the defendant, Chesapeake Operating, Inc., with regard to a particular oil well located in DeSoto Parish, Louisiana. The total charges for Drill Cuttings's services were $47,939.31. Drill Cuttings claims that the invoice was never paid. In this lawsuit, Drill Cuttings seeks to recover the unpaid invoice amount plus

interest and costs. In its petition, Drill Cuttings does not expressly seek to recover attorneys' fees, nor does it reference the Louisiana open account statute.

Drill Cuttings originally filed suit in a Louisiana state court. Chesapeake removed the action to this forum, alleging that the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum. Drill Cuttings then filed the instant motion seeking remand of the action to state court.

Chesapeake responded to Drill Cuttings's motion to remand by stating that it does not oppose the motion (Rec. Doc. 11 at 2) because Drill Cuttings has stipulated that it is not seeking to recover attorneys' fees (Rec. Doc. 11-1).

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] The party invoking subject-

---

[1] *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[4] Therefore, when an action is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists.[5]

Chesapeake removed this case, arguing that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional threshold. For that reason, Chesapeake has the burden of establishing that this Court has jurisdiction over this matter. Drill Cuttings filed a motion to remand, arguing that the amount in controversy does not satisfy the jurisdictional requirement.

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[6] To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[7] Therefore, removal is proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.[8] When the complaint does

---

[4] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[6] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[7] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[8] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[9] This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[10] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[11] Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to

---

[9] *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[10] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[11] *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

ascertain the amount in controversy.[12] Any doubts as to the propriety of removal should be construed strictly in favor of remand.[13]

In its petition, Drill Cuttings seeks to recover the $47,939.31 it invoiced Chesapeake plus "interest, costs of these proceedings and for all general, legal or equitable relief and equitable relief, whether pleaded or not, as plaintiff may at trial or otherwise be shown entitled to."[14] Chesapeake interpreted the prayer for interest, costs, and other relief as a basis for arguing that Drill Cuttings has asserted a claim for attorneys' fees under the Louisiana Open Account Statute, La. R.S. 9:2781 or under the contract binding the parties.[15] When the state statute governing the parties' dispute provides for the recovery of attorney's fees, those fees are included as part of the amount in controversy.[16] In such a situation, however, the court "cannot simply guesstimate their amount and add them to the other damages to arrive at the amount

---

[12] *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[13] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[14] Rec. Doc. 1-1 at 3.

[15] Rec. Doc. 1 at 3-4.

[16] *Manguno v. Prudential*, 276 F.3d at 723; *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

in controversy. Some kind of allegation or proof of the amount of fees incurred is needed."[17]

Chesapeake argued that the jurisdictional threshold was crossed when the value of Drill Cuttings's claim for attorneys' fees was added to the amount of the unpaid invoice. Drill Cuttings countered by stating that it did not mention the open account statute in its petition and does not seek to recover attorneys fees.[18] Drill Cuttings then stipulated that it is not seeking to recover attorneys' fees and that if attorneys' fees are award, it will waive that award and forego the collection of attorneys' fees.[19] Based upon the stipulation, Chesapeake withdrew its opposition to Drill Cuttings's motion to remand.

In light of Drill Cuttings's stipulation, the undersigned finds that it is facially apparent that the amount in controversy in this lawsuit is less than the jurisdictional minimum, necessitating remand of this action to state court.

The undersigned also cautions the parties that no finding is made – or can be made – with regard to the diversity of the parties. Both Drill Cuttings[20] and

---

[17] *Mintzer v. Lester*, 51 Fed. App'x 929, 2002 WL 31415179, *3 (5th Cir. 2002).

[18] Rec. Doc. 4-1 at 4.

[19] Rec. Doc. 11-1.

[20] Rec. Doc. 4-1 at 2 (stating that Drill Cuttings "concedes that the 'diversity' requirement is satisfied.")

Chesapeake[21] assumed that the diversity prong of the jurisdiction analysis was satisfied because Drill Cuttings alleged in its petition that it is "a Louisiana limited liability company having its business office in the Parish of Lafayette, Louisiana."[22]  That assumption was misplaced.

A limited liability company is a citizen of every state in which any member of the company is a citizen,[23] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[24]  Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[25]  If any one of the members is not diverse, the limited liability company is not diverse.  Having no information regarding the citizenship of the members of the

---

[21]     Rec. Doc. 1 at 3 (alleging that "[c]omplete diversity of citizenship exists . . . .")

[22]     Rec. Doc. 1-1 at ¶ 1.

[23]     See, *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[24]     *Harvey v. Grey Wolf*, 542 F.3d at 1080.  [Emphasis added.]

[25]     See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs*., 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, No. 09-2020, 2010 WL 299257, at *1 (W.D. La. Jan. 19, 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, No. 09-1691, 2009 WL 5198183, at *1 (W.D. La. Dec. 22, 2009).  See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

company, the undersigned cannot evaluate whether the parties are – or are not – diverse in citizenship. Since both prongs of the jurisdictional analysis must be satisfied, however, the undersigned's inability to evaluate diversity does not affect its decision on the remand of this action.

## Conclusion

The amount in controversy is less than the jurisdictional requirement. Accordingly, this court lacks subject-matter jurisdiction, and this action is remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

Signed at Lafayette, Louisiana, on February 7th, 2012.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)